**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re                                                   )
                                                        )
                                                        )   Bankruptcy No. _____
                                                        )
                    Debtor.          )   Chapter              _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:    $_____

Amount of Expense Reimbursement Sought:   $_____

This is an:          Interim Application _____           Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | * |
| | | | | * |

\* Both these amounts were included in the First fee award.  The sum of $13039 was paid prepetition and $25000 was paid postpetition.

Dated: _____          _____
                                                                        (Counsel)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: 4100 WEST GRAND LLC, | ) | Case Number: 11-B-42873 |
| | ) | |
| Debtor/Debtor-in-Possession | ) | Chapter 11 |
| 4100 WEST GRAND LLC, | ) | |
| Debtor/ Debtor-in-Possession/ | ) | |
| Plaintiff | ) | |
| vs. | ) | Adversary No. 11-A-2278 |
| TY GRAND LLC | ) | |
| Defendants. | ) | |

To:   Ariel Weissberg  Weissberg and Associates, Ltd.   401 South LaSalle Street, #403
Chicago, IL 60605 via ECF
Steven B. Bashaw, 1500 Eisenhower Lane, Ste 800, Lisle IL 60532
Patrick Layng, US Trustee, via ECF
4100 West Grand LLC, 2400 West Madison Street, Suite 1A, Chicago, IL 60612

## NOTICE OF MOTION

PLEASE BE ADVISED that on November 20, 2012 at 9:30 a.m., I shall appear before the Honorable Judge Cox, or any other judge sitting in her stead, at the 219 South Dearborn Street, Room 680, Chicago, Illinois, and I will then and there present the FINAL APPLICATION OF RICHARD L. HIRSH FOR COMPENSATION AND REIMBURSEMENT, a copy of which is attached hereto and is hereby served upon you, at which time and place you may appear as you see fit to do.

## CERTIFICATE OF SERVICE

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE and MOTION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Lisle, Illinois, on October 30, 2012.

/s/ Richard L Hirsh
Richard L. Hirsh

Richard L. Hirsh (Atty. ID# 1225936)
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
630/434-2626 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE 4100 WEST GRAND LLC, | ) | |
| Debtor, Debtor-in-Possession | ) | 11-B-42873 |
| | ) | Chapter 11 |
| | ) | Judge Cox |

FINAL APPLICATION OF RICHARD L. HIRSH, P.C. and RICHARD L. HIRSH
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Richard L. Hirsh, P.C. ("RLHPC), and Richard L. Hirsh, bankruptcy counsel for 4100 West Grand LLC, the Debtor and Debtor-in-Possession (the "Debtor") in the above captioned chapter 11 case, pursuant to sections 327, 330 and 331 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Fed. R. Bankr. P. 2016 (the Federal Rules of Bankruptcy Procedure are referred to herein as the "Bankruptcy Rules") and Local Rule 5082-1 of the Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), respectfully makes application for compensation and reimbursement of expenses for the period of July 12, 2012, through October 29, 2012, (the "Application"). This is a final application and is being presented concurrently with the Debtor's Matin to Dismiss. In support of its Final Application, RLHPC states as follows:

Background

1. On October 22, 2011 ("Petition Date"), 4100 West Grand LLC ("4100 West Grand LLC") filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") case #11-B-42873.

2. Prior to September 30, 2011, the primary assets of the Debtor was real property located at 4100 West Grand Avenue, Chicago, IL (hereinafter referred to as the "subject property") a multi unit commercial building which generated all of the income of the Debtor.

1

3. The subject property generated virtually all of the income of the property.

4. On September 30, 2011, the ownership of the subject property was transferred to an entity known as TY Grand LLC (TYG) by virtue of a deed in lieu of foreclosure and under the terms of a Forbearance Agreement with TYG which was the holder of a mortgage on the subject property.

5. Shortly after the filing of the petition for relief, the Debtor initiated adversary proceeding 11-2278 with the intended purpose of recovering the subject property based upon 11 U.S.C. §548.

6. The Debtor as debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code brought the adversary proceeding with the purpose and intention of recovering the subject property and resuming its operations.

7. Upon the request of Debtor, the Court, by Order dated November 22, 2012, appointed RLHPC and Richard L. HIrsh as counsel for the Debtor to represent it in this Chapter 11 case retroactively to the Petition Date. A copy of that order is attached hereto.

8. A first and interim Application was filed by Richard L. HIrsh and RLHPC, and sought compensation as counsel for the Debtor for the time period of October 22, 2011 through July 13, 2011, and for reimbursement of expenses incurred during that period.

9. The court granted the first application in full and approved an award and payment of $64,435.00 in fees and costs of $4261.05.

10. RLHPC and Richard L. Hirsh still do not hold or represent any interest adverse to the estate, and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code. Richard L. Hirsh previously filed his Affidavit in Support of Applications to Retain Richard L. Hirsh as counsel for the Debtor under 11 U.S.C. §327(a) (the "Affidavit").

11. Richard L. HIrsh, a solo practitioner practicing through RLHPC performed services for which he is seeking compensation on behalf of or for the Debtor and its estate and not on behalf of any

2

committee, creditor or other person.

12. Richard L. HIrsh and RLHPC have received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with this Chapter 11 Case however it was disclosed that one or more of the principal members of the Debtor made a personal guaranty of the payment of the fees. Prepetition the sum of $13039.00 was paid to the undersigned. In accordance with the award of the first and interim application the Debtor has paid an additional $25,000.00

13. This application does not seek compensation or reimbursement for any services or expenses for which compensation or reimbursement has been received. This application seeks an additional award of fees in the amount of $7920.50 which accrued between July 12, 2012 and October 29, 2012, (exclusive of the time to prepare and present this application).

JURISDICTION

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (M). The statutory and legal predicate for the relief sought herein is §105(a), 330 and 331 of the Bankruptcy Code.

Case Status

15. Since the filing of the adversary proceeding to recover the subject property, the debtor, by its counsel, has conducted said litigation. That has been the sole activity of the debtor as a prelude to its reorganization. At the time of the filing of the petition the debtor had a small amount of cash on hand in its bank account, and has used that money to pay its quarterly operating fees to the United States Trustee.

16. In accordance with the order of this court related to permit borrowing, the Debtor's principals loaned $25,000 to the Debtor which was paid to the undersigned.

3

17. Trial of the adversary was essentially concluded on July 11, 2012, however closing argument was held August 7, 2012.

Nature of Legal Services Performed by Richard L. Hirsh and RLHPC Since July 12, 2012.

18. Richard L. Hirsh is a solo practitioner and conducts his practice through Richard L. Hirsh, P.C. His offices are located in Lisle, Illinois, a western suburb of Chicago.

19. By this Application, Richard L. Hirsh and RLHPC seek an initial interim award under Bankruptcy Code §330 for the application of payment in the amount of $64435.00 for services rendered to the Debtor in connection with this case during the period of October 22, 2011, through July 13, 2012, together with an interim award of $4261.05 in reimbursement of expenses incurred by RLHPC during that same period. In accordance with section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of the Chapter 11 case; (b) the time expended; © the nature and extent of the services rendered; (d) the value of such services; and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

20. In summary, Richard L. Hirsh and RLHPC has assisted the Debtor in the administration of its estate and has performed the services set forth on the schedule attached hereto and made part hereof as Exhibit 2. Exhibit 2 identifies the services performed, the date and amount of time involved, the individual performing the service, and the billing rate of the individual, broken into categories of work performed. The services performed and documented by Exhibit 2 include, but are not limited to: providing legal advice to Debtor concerning management and operations as debtor-in-possession; representing Debtor in negotiations with various secured creditors and counsel for the various constituencies in this case; analysis of assets, recovery of assets and asset disposition; managing the filing, drafting, serving and noticing of a substantial number of

4

pleadings and papers in this case; and responding to inquiries from creditors; investigating, filing and complete litigation through trial of the adversary proceeding to recover the real estate at 4100 West Grand, Chicago, IL.

21. All of the services provided to the debtor prior to July 12, 2012, were detailed in the first application and will not be repeated in this Final Application.

22. The services rendered after July 12 consisted of only 22.63 hours and were devoted to preparation for the closing argument held on August 7, 2012, which included the review of hundreds of pages of transcripts and documents. (About 7 hours)

23. During the period in question the undersigned also prepared his first application for compensation and a motion to allow the debtor to borrow funds to pay such fees that were awarded. (Over 7 hours)

24. The remaining hours were devoted to a resolution of the case after this court made its ruling on the adversary proceeding. Those efforts resulted in a global settlement which, inter alia, relieved the Debtor of any further obligation to TY Grand LLC, resolved litigation in state court, and cleared title of the property held by TY Grand LLC. About 7 hours were billed for those efforts.

25. All of the services performed for which compensation is sought were performed by Richard L. Hirsh as he is a solo practitioner and employs no other attorneys

26. The expenses incurred after July 12, 2012, was a total of $1145.84 of which the sum of $929.00 was for the trial transcript.

27. Minor expenses for parking and travel costs between Chicago and Lisle, IL, were charged for the balance of the costs. (No fees were charged for travel time however).

28. The undersigned asks to be relieved of describing the services in greater detail as all such time is

5

detailed in the attached time and task summary.

29. The work performed and the services rendered for which compensation is requested, as well as the incurring of expenses for which reimbursement is requested, were necessary and proper in representing the Debtor in this case.

30. It is Richard L. Hirsh and RLHPC's policy not to charge clients for travel time; in-house photocopy or routine postage, secretarial time, word processing or other items of overhead. Charges are specified for such items as outside photocopy, printing or binding (e.g. Trial Exhibit binders).

31. All of the services performed by Richard L. Hirsh and RLHPC were required for the proper representation of the Debtor in this case, were authorized by the Court and were performed by Richard L. Hirsh and RLHPC at the request and direction of the Debtor. Pursuant to Bankruptcy Code Section 331 and the generally applicable criteria of the time, nature, extent and value of the service performed, all of Richard L. Hirsh and RLHPC's services are compensable.

32. There has been no duplication of services by the members or associates of Richard L. Hirsh and RLHPC, as there are none.

33. The rates at which Richard L. Hirsh and RLHPC seeks compensation are its usual and customary standard hourly rates charged for work, both bankruptcy and non-bankruptcy, performed for other firm clients.

34. No agreement exists between Richard L. Hirsh and RLHPC and any third person for the sharing of compensation received by Richard L. Hirsh and RLHPC in this case.

35. From about October 11, 2011 through July 11, 2011, Richard L. Hirsh and RLHPC have devoted 184.10 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $64,435.00, and has incurred

6

necessary expenses totaling $4,261.05. These fees and costs are set forth in exhibit B hereto which re-list the initial fees and costs awarded and reflect the initial prepetition payment.

36. From July 12, 2012, through October 29, 2012, Richard L. Hirsh and RLHPC have devoted 22.63 hours to represent the Debtor with respect to the above categories, and has provided this estate with actual and necessary legal services worth a total of $7920.50, and has incurred necessary expenses totaling $1145.84. These fees and costs, are listed in and reflected in Exhibit A hereto.

37. The debtor paid the attorneys $13039.00 prepetition and $25,000 post-petition.

WHEREFORE, Richard L. Hirsh and Richard L. Hirsh, P.C. respectfully requests that this Court:

A. Allow Richard L. Hirsh and Richard L. Hirsh, P.C. compensation in the amount of $64,435.00 for services rendered in this case which represents time from on or about October 11, 2011 through July 11, 2012, as a final fee award plus $4261.05 for that period.

B. Allow Richard L. Hirsh and Richard L. Hirsh, P.C. compensation in the amount of $7920.50 for services rendered in this case which represents time from on or about July 12, 2012 through October 29, 2012, as a final fee award plus expenses of $1145.84 for that period.

C. Grant all other relief that is just and appropriate.

Respectfully submitted,

/s/ Richard L. Hirsh

Richard L. Hirsh
Richard L. Hirsh, P.C.
1500 Eisenhower Lane, #800
Lisle, IL 60532
630 434-2600
Atty. #1225936

7